PHILIP J. SHAHEEN, TRADING AS BUILDERS' MATERIAL SUPPLY COMPANY, RESPONDENT, v. NEW JERSEY FIDELITY AND PLATE GLASS INSURANCE COMPANY, APPELLANT.

Submitted January 30, 1932—Decided May 17, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the respondent, *Hugo Woerner.*

For the appellant, *Henry G. Pilch.*

The opinion of the court was delivered by

CASE, J. The matter comes up on an appeal by the defendant below and on a cross-appeal by the plaintiff below. The action is on a bond given by the defendant as surety to the plaintiff to release the premises from a mechanics' lien claim. The matter had its origin in an action on a mechanics' lien brought by the present plaintiff against Ann B. Trilling and Harry Trilling as owners. On February 26th, 1929, after the lien had been filed and action brought thereon in the Monmouth County Circuit Court, a bond was filed, executed by the Trillings and the present defendant, reciting the filing of the lien, the beginning of the action thereon, and the desire of the Trillings to release their property from the lien, and setting forth as the condition of the bond that "Ann B. Trilling and Harry Trilling, their heirs and assigns, shall well and truly pay any judgment which may be recovered in an action to enforce said lien." Plaintiff recovered judgment against the Trillings for $2,674.86 damages, and $160.04 costs, and upon the failure of the judgment debtors to make payment brought the present action to recover the amount of the judgment from the surety in accordance with the terms of the bond. The suit at bar was begun by the service of summons and complaint on the defendant on July 29th, 1931. The complaint, on its face, is in the form usual to the enforcing, against a surety of a default by the principal. Appended to the complaint was a notice that judgment would be entered unless an affidavit of merits were filed within ten days. On August 10th, 1931, judgment interlocutory by default was entered on the alleged ground that no affidavit of merits had been filed and on the following day judgment final was entered for damages assessed by the clerk at $2,846.18 beside costs of suit. This judgment was vacated and set aside by order of Judge Dungan on September 22d, 1931.

The cross-appeal, the propriety of which is not questioned, lies from that order. The reason for the order does not appear in the record. Plaintiff's brief states that it was because an affidavit had in fact been filed and the brief further alleges,

as a reason why the order should be reversed, that the affidavit was defective. Be that as it may, the order vacating the judgment followed promptly upon the entry of judgment. No term was lost. The Circuit Court still had control over the judgment. *Assets Development Co.* v. *Wall,* 97 *N. J. L.* 468; *Savage* v. *Public Service Railway Co.,* 103 *Id.* 549. There was no error in the judicial action complained of.

After the judgment was vacated the defendant filed its answer, the essence of which, contained in the fourth defense, was to the effect that inasmuch as the plaintiff, in taking judgment in the Monmouth County Circuit Court in the mechanics' lien action, had taken such judgment against the Trillings only, and not against the surety, any right of action on the bond was forfeited. The answer was struck as frivolous and summary judgment entered for the plaintiff in the amount of $2,877.41 and costs.

From that judgment the defendant appeals from the ground that was set up as a defense in the answer. Specifically the contention is that the bond was filed under a supplement to the Mechanics' Lien act, printed as chapter 68 of *Pamph. L.* 1917, and found in 1 *Cum. Supp. Comp. Stat., p.* 1853. Section 1 of that act provides for the filing of a bond by the owner of real estate liened under the Mechanics' Lien act. Section 2 provides that the filing of the bond shall be considered as an appearance of the principal and surety thereon in any action commenced on the lien claim and that the principal and surety shall thereupon become parties defendant to the action. Section 3 provides for a discharge of the lien claim on the record of the clerk of the county, and section 4 relates to the entry of judgment. The brief merely reprints the statute and shortly asserts that if the plaintiff was entitled to judgment against the defendant on the bond, the judgment should, under the statute, have been entered in the action in the Monmouth County Circuit Court. We find it unnecessary to determine what the necessary procedure would have been had that statute remained unaltered. A further supplement to the Mechanics' Lien act, constituting chapter 241 of the *Pamph. L.* 1927 (*Pamph. L., p.* 455),

amended by chapter 58 of the *Pamph. L.* 1928 (*Pamph. L., p.* 127), re-enacts section 1 of the 1917 statute practically in its entirety and incorporates the essential provisions of section 3 thereof but omits the matter contained within the second and fourth sections. We consider that the 1927 and the 1928 acts are a revision of the subject-matter of the 1917 statute and thus repeal the latter legislation. Under the extant law the matter set up in the answer constituted no defense. The answer was frivolous and was properly struck.

Judgment below will be affirmed.